## WAGONER TELEPHONE CO. v. VERMILLION.

No. 5158.    Opinion Filed September 21, 1915.

Rehearing Denied November 11, 1915.

(151 Pac. 1037.)

**INSTRUCTIONS.** Instructions examined, and held to fairly state the law upon the issues presented.

(Syllabus by Bleakmore, C.)

*Error from County Court, Wagoner County;*
*G. F. Waggoner, Special Judge.*

Action by the Wagoner Telephone Company against J. C. Vermillion. Judgment for defendant, and plaintiff brings error. Affirmed.

*Hunt & Hunt,* for plaintiff in error.

*Sponsler & Graves,* for defendant in error.

Opinion by BLEAKMORE, C. This proceeding in error is brought to review a judgment of the county court of Wagoner county, in an action originally begun in a justice court of that county, by the Wagoner Telephone Company, as plaintiff, against the defendant in error, for damages on account of injury to its telephone wires, etc. The plaintiff, a corporation operating a telephone system in the city of Wagoner by virtue of a franchise, had as a part of its equipment certain wires suspended over and along the streets of said city. Defendant

was a house mover. It is alleged in the bill of particulars that defendant—

"while engaged in moving houses in said city of Wagoner, willfully and maliciously ran into and tore down telephone wires belonging to the plaintiff and used in the operation of plaintiff's telephone business in said city, thereby placing several phones out of commission and otherwise damaging and injuring the plant of plaintiff, all in the total sum of $15.  *  *  *"

The case was tried to a jury, and resulted in judgment for defendant. It appeared from the evidence that defendant, while moving houses along the streets of said city, was compelled to pass them under a large number of telephone wires owned by the plaintiff, some few of which were torn down, and some crossed with other wires. No requirement as to the height at which the wires of the plaintiff should be maintained is shown, either by provision of its franchise or ordinance of the city, nor does it appear whether defendant, in moving such houses, was acting under license from the city, nor is it shown that defendant either willfully, maliciously, or negligently injured the property of the plaintiff.

The action of the court in giving certain instructions and refusing others requested by the plaintiff is assigned as error. It would serve no useful purpose to set forth such instructions. We have examined the same, and are of opinion that under the issues presented by the pleadings and evidence in this case there was no prejudicial error in such action of the court. The judgment should be affirmed.

By the Court: It is so ordered.